Mr. Keith for the appellate, Mr. Salzman for the appellate. Good morning. My name is Phillip Keith. I'm representing Mr. Bland in this appeal, and I'd like to try to focus on what I perceive is most important, but obviously the court will interrupt if I pass by anything. The first count has to do with what's called administrative leave, which is barring somebody from the workplace, but continuing to pay him. And the issue is what must be pled under Sverkovits v. Serema. And the starting point on that is Sverkovits abrogated the application for the Sixth Circuit case Jackson v. Columbus, which had dismissed a complaint for failure to sufficiently plead an adverse personnel action. What Sverkovits did in principle is say no heightened pleading standard for Title VII cases. The Seventh Circuit in Parrott v. Connersville, which is in the blue brief at page 24, which has a quotation from it, explains why being barred from the workplace, barred from performing your work, depending on the circumstances, can be injurious. That is something that can be remedied under Title VII. The Second Circuit case of Joseph v. Levitt, which the agency relies on, explains that if the person is put off the premises by the exercise of a pre-existing general policy of if this happens, that is to say an investigation begins, then automatically the person is taken off the payroll, the court says, well, that doesn't affect the terms and conditions of employment in the sense that being put off the payroll under those circumstances is a pledge that in fact, in this case, that the agency did not have a general policy of putting people off the payroll when it started the investigation. You mean off the premises or off the payroll? Off the premises, Your Honor. And so that takes care of the general reason why courts find there's no violation of Title VII when somebody's put on administrative leave. You think it differs materially that we're talking about someone who has a job that requires a security clearance? Yes. And that's the nature of the investigation? In the context of Count 1, that first, this is a pleading case. That's not a, that was not a reason given by the agency for taking the action in this particular case. That's a summary judgment or a trial issue. And that's most of what the government is saying here in their brief. I thought it was undisputed, though. Pardon? I thought it was undisputed that he, I realize the district court said 12B1, but I just want to be clear, that's what this case is all about. He held a job that required a security clearance. But the, it's involved in many of the other accounts. And placing him on administrative leave with pay was in connection with investigating whether he should get this security. If we had pled, and if the truth were, that the government said to him, we're putting you off the payroll, I'm sorry, off the premises because there's been allegations which would affect your security clearance, then that would be what's in front of the court. This is just something the government is saying, the government is saying the stated reason was, and we're saying no, that's not what the stated reason was. And that's the same thing on when they suggest that, well, it was a particularly egregious offense that he was charged with. If they produce an affidavit that, by the decision maker saying that was the reason, then we have to deal with that. And that could be a, that could be a reason to do this, even though there's not a general rule. On count one, all we're asking is that he have an opportunity to prove that he was injured the same way as a plaintiff in Parrott, and that the stated non-discriminatory reason was untrue, was a pretext for discrimination. All right. I want to jump to count four, which is the suspension without pay. The stated reason for suspending without pay was that he, as a result of the clearance of suspension, that he did not have access to classified information. Paragraphs 86 and 87 on Joint Appendix 16 and 17 expressly allege that management believed that he did not need access to classified information. And the analogy we use is you could be a truck driver, needs a driver's license, but if someone with the title of truck driver is a warehouse man, then the suspension of his driver's license by the state doesn't affect his ability to do the job. These are fact questions. We take the risk that we do discovery and we find out that we're wrong, or at least somebody says, yeah, I'm his boss, and boy, some assignments would require access to classified information. It's our belief that the manager will testify consistent with our allegation that when this suspension happened, there was no foreseeable reason to have Mr. Bland have access to classified information. On the constitutional problem, the first, and it should be decisive, the case of Fulman held that the judge is required to give his reasons for denying a motion to amend under 59. And the benefit to us of that is that when the judge sits down to write out his reasons, he may well be persuaded by us. But what if it's the case that, in fact, your amendment doesn't change the legal picture? I'm sorry, it doesn't? If it is, in fact, the case that the proposed amendment would not change the legal consequence, then a remand would be futile, right? Yes. Yes, Your Honor. I would suggest that it's more efficient, actually, for this panel to ask the good Judge Leon what his thoughts on that are in light of his current experience as a trial judge and the facts of the cases he has, which is deeper than can be put in a brief. There seem to be cases, including one of ours, which could be characterized as a case where a challenge to a policy being applied in connection with security clearances is justiciable. That doesn't seem to be what the proposed amendment complaint would reach. Now, what we're trying to do is honor, actually, the language in Ryan. It's quoted on page 17 of the great brief, which quotes Webster V. Doe, where Congress intends to preclude judicial review of constitutional claims. Its intent to do so must be clear. And we require this heightened showing in part to avoid the serious constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim. That's the law. And I don't think it's open and shut that Title VII evidences a intent to preclude judicial review of constitutional claims that cannot be remedied under Title VII. What is the constitutional claim? Race discrimination. Equal protection under Title — on Amendment 5. And what's the authority that a federal employee can bring a race discrimination employment claim in federal court? Brown v. GSA reflects that prior to Title VII, employees could do that. The United Public Workers of America v. Mitchell, 1947, made clear that although there's not a constitutional right to public employment, there can't be invidious discrimination in making hiring decisions. So the question is, Brown said, because this can be remedied under Title VII, and you didn't bother to exhaust your administrative remedies under Title VII, you can't bring this case under the Constitution. Ethnic Employees v. Library of Congress. If a action is not covered by Title VII, if there can't be a remedy under Title VII, then the — Your theory seems to wipe out Egan, though. No, Your Honor. Let me answer that two ways. First is, what we can't have, what I hope this Court is not sympathetic to, is interpreting Egan as wiping out all the All the cases like Cafeteria Workers or the more recent Guantanamo cases, where it's a national security issue, and the Court, at least the Court's fine, it's justiciable, even though we're dealing with the President's Title I responsibility to protect the national security. And that's what the real problem is. How can the Egan theory, which was simple, Egan itself says nothing to do about justiciability. It is saying the American Systems Protection Board doesn't have the statutory authority in the first place to even deal with clearances, and it's not in a position to make judgments. Remember, Egan is premised on, or based fully on, a sentence in an executive order that says clearances should be granted only when clearly consistent with the interests of national security. We cannot, I hope the Court won't interpret Egan as saying that in the Guantanamo cases, for example, or any of these, all the President has to do is say the benefit demanded by the prisoner or by the plaintiff will be granted only when consistent with the interests of national security, or plainly consistent. On our side, we're trying to, again, respect what Ryan said. We have Title VII, or we have a policy against discrimination, and we have a policy of protecting the national security. And how can these be merged? How can they both be respected? And that's a challenge. For example, it may be the furthest we can go in a constitutional claim is the Court requiring the government to certify that the case is closed. Or we may have to go, may be allowed to go far enough to insist that the government have to certify that the decision was actually made on the basis that the plaintiff cannot be trusted with classified material. But these are, that's not a question, we may end up losing on the merits, but Egan can't, I suggest, cannot be construed as all of a sudden making non-justiciable challenges to constitutional violations. The rest, I would rely on the brief. All right. Thank you. Thank you, Your Honor. Good morning. Good morning. Thank you, Your Honor, and may it please the Court. Joshua Salzman on behalf of Secretary Johnson. Just at the outset, I want to emphasize that affirming the judgment below does not really require this Court to make any significant new law. This Court's existing precedents, which the District Court faithfully applied, squarely foreclosed a number of the arguments made in appellant's briefs. And to the extent that he's making arguments that aren't directly addressed by cases like Douglas v. Donovan and Ryan and Ratigan II, those arguments don't present truly novel issues of law either, in the sense that they've been presented to other circuits, generally multiple other We're in this circuit. Absolutely, Your Honor. But I would add that they've reached those conclusions in opinions that are very much in keeping with this Court's precedents and would require only a moderate and logical extension of those precedents. But I'm well aware of that, Your Honor. As to count one, which is where I'll start, unless the Court is interested in having me begin elsewhere. I was reacting to your statement in the brief that the government doesn't agree with a decision of this Court. All right. I'm sure that's true for a lot of cases, all right? I'm not here to relitigate that issue. But I think that case law is, if anything, is squarely on point in the government's favor for this case. I think you're referring to Ratigan II, which pretty squarely forecloses count two of the complaint. Because Ratigan II recognized that only a report that was knowingly false could be the basis for an actionable claim. And here, not only was the report not knowingly false, the plaintiff himself concedes that in the complaint that he committed the crime in question, his court marshaled for it. But I'd actually like to begin at count one, which is the administrative leave. And much of the briefing here was directed to the question of whether or not an adverse action is, in fact, a necessary requirement, an essential ingredient of a Title VII claim. And the answer is, it is, in every single case. And Douglas v. Donovan makes that clear. Even if you have direct evidence of discrimination, if it's not something that is a sufficiently tangible or concrete injury that doesn't meet the Douglas v. Donovan standard, and half a dozen other cases of this court which have reaffirmed that standard, then you do not have an actionable claim. And unsurprisingly, as a result, this court has upheld, at the motion to dismiss stage, the dismissal of complaints that didn't allege a sufficient adverse employment action. It's not cited in the briefs. But I'd refer your honors to a case called Baird v. Godbaum, 662 F. 3rd 1246, which was a 2011 case. So this is post-Swerkowitz. And the court recognized that because there was no adverse action, adequate adverse action, alleged in the complaint, then the plaintiff there had met his obligations under Rule 882 to show entitlement to relief. So that count one then boils down to the question of Did you advise your colleague that you were going to cite this case? I regret that I did not, your honor. You really should, before argument, advise the other side and give them a copy of the case before you raise it, spring it on them at oral argument. That's well taken, your honor. And I apologize for that. But what I would add is that this is merely an example of a phenomenon that's very much a point argued in our brief. So stick to what you argued in your brief. Of course, your honor. And what we argued in our brief Unless there's a Supreme Court case that qualifies or overruled something we did. No. But what the heart of our brief is on Issue 1 is that regardless of whether it's at the motion to dismiss stage or the summary judgment stage, the plaintiff bears the burden of alleging an adverse employment action in order to state a cognizable Title VII claim. And as numerous circuits have held, being put on administrative leave, that's a temporary intermittent action that's taken while an employer decides what further action to take. The employee retains their full salary, their full benefits. There's no, in the words of Douglas v. Donovan, there's no tangible injury that results from being placed on administrative leave. So any allegation of racial discrimination is irrelevant? When the alleged harm is being placed on administrative leave during an investigation, yes, I think that's consistent with the holdings of the Fourth. The assumption is it's for a comparatively brief period of time. Right. And this is in keeping, very much in keeping with, as we note in our briefs, this was a three and a half month period, July 1 to October 14. That's exactly, almost identical to the lengths of the suspensions at issue in the Fifth, Sixth, and Seventh circuits. I know you want us to write broadly, but let's just stick to this case. Of course. So your answer is an employee cannot show any adverse employment action if he is treated in a racially disparate manner because it's just for a short period? Well, I think under Douglas v. Donovan and several other cases, yes, you have to allege an adverse employment action which has a non-speculative impact. I'm being treated differently because of my race. That's the only reason I'm on administrative leave. But it's got to be a change in the terms or conditions of employment. So it's irrelevant. I just want to be clear what the government's position is. I think it's this Court's position in Douglas v. Donovan that if somebody received a worse performance review on account of their race, and there was a memo in the file that said that the worst performance review was on account of the person's race, this Court's precedent says that that's not actionable. So I'm not asking the Court to make any new law here. I think this is very much a principle that's already established in this circuit as to that. So then the only incremental step I'm asking this Court to take is to recognize that administrative leave, which is just during the duration of an investigation, especially in a context like this, where you're talking about somebody who's a senior agent in the office of the chief security officer and has been accused of a crime of dishonesty, that he's retaining his full salary, full benefits, no economic injury whatsoever, and they're saying we don't want you to come into work for a few months while we figure things out and we're going to put things in a holding pattern until we can figure out what to do next. And this is where he does have an allegation of knowing falsity. He does have an allegation of knowing falsity there, that's right. But we've, at least for purposes of this appeal, argued this in terms of sort of a more generic Title VII, a lack of an adverse employment action, as opposed to… I know you're a senior official, and you're placed on administrative leave on the basis of false accusations, and the only reason this happens is because of your race. That's his allegation. His allegation is that he was accused by the people who made the accusations knew they were false. He was accused of corruption. So your answer is yes. My answer is yes. You can put somebody in agency, and any employer actually, can put somebody on administrative leave during the pendency of an investigation. For a short time. As I said, you know, this is what half a dozen circuits have already concluded. If there are no more questions on Count 1, I can switch to Counts 2 to 5. Why don't you jump to the question of the denial of the motion to amend the claim? Certainly, Your Honor. So I think, as Your Honor suggested during Plaintiff's counsel's argument, I think what Plaintiff is asking here is for an end run around Egan, and that if his arguments about sort of the scope of the constitutional claims that could be brought here were accepted, I think it would really render this Court's decisions in Ryan and Bennett and Foote to be really sort of meaningless. As the Tenth Circuit said, when confronted with a similar argument, it would make Egan hardly worth the trouble. Did the district court say this? Did the district court say this? No, Your Honor. What the district court said was that- Did the district court have a legal obligation to explain his reasoning? I think this Court's precedents in Fomin v. Davis do suggest that when you're denying Rule 59E motion, it's generally appropriate to offer a reason of that, but- So you've got a lot of qualifiers in there, but the statement is pretty straightforward. And so the question I thought that Judge Williams had asked counsel was, does that requirement apply where, arguably, this Court could determine that any constitutional allegation would be futile? I think this Court absolutely can decide this pure issue of law that's been fully briefed here. I think Fomin v. Davis makes clear that futility is a completely legitimate reason not to allow amendment of the complaint. This Court needs to find an abuse of discretion under 59E in order to remand. And to the extent that the complaint was futile, maybe the district court didn't spell this out, but to the extent that this Court, with full briefing, can recognize that a pure issue of law would be resolved in the defendant's favor. In fact, isn't the relationship between Egan and Webster obscure at this point? I'd say there are absolutely circumstances where the relationship is difficult to parse. I think on facts like these, it's very clear because Brown v. GSA- Well, if he gets to amend his complaint, can you represent to this Court that there is no complaint he could file that could go forward? Well, I can tell you the complaint that he asked for leave to file. He didn't spell it out particularly well in his 59E motion. But what he essentially said was, I'm not going to allege any new theories, per se. What I'm going to do is take the same facts and the same allegations and re-denominate them as Fifth Amendment claims, as opposed to Title VII claims. And I think what- So on remand, he hands it over to Professor X at Georgetown University, who drafts an amended complaint. I just want to know how far we're going here. I don't think we're going very- This professor takes into account this fuzzy area and comes up with a complaint. The fuzzy area doesn't extend to claims governed by Title VII. That's what the Ninth Circuit recognized in Brazil, the Fifth Circuit recognized in Paris. And it's an illogical extension. Is it an open question in this circuit? This circuit has not spoken to that question specifically. Right. So he could- I just want to be clear about this. He could file such a complaint. I think Brown v. GSA is so squarely on point. It says that Title VII is the exclusive remedy for claims of racial discrimination in employment by federal employees. So I don't think it's really an open question in this circuit. Should the district court have spelled this out so counsel could respond? I mean, I think these are interesting arguments, and maybe they're winning arguments. I think, as I said, I recognize the district court did not do that here. I think that this is a pure question of law that this court is well positioned to answer. And I think, frankly, it's a relatively easy question of law in light of Brown v. GSA on the facts here. I think that there is no complaint that could be filed that would be justiciable. I'm certainly not- As a matter of law. I am not saying, Your Honor, that there is no constitutional claim that could be justiciable. I think there is no constitutional end run around the end preclusion of Title VII. So I think if it's- I understand. I thought it was more narrowly. That's right. But a proposed amended complaint here doesn't bring it outside of EGLE. I think that's right, Your Honor, and that's all this court would need to say. So in the Rule 59 context, unlike- Judge Wilkins can correct me. When you're moving to amend your complaint and you're supposed to attach a proposed amended complaint so the district court can look at it and see whether it would be futile or worth granting the motion, do any of those requirements apply in the Foman context? So I'm not entirely sure I follow Your Honor's question. Well, if he gets- if he's allowed to file an amended complaint, and if he could file a complaint that was justiciable. Yes, Your Honor. Certainly, in order for his 59e motion to have any merit, he had an obligation in that 59e motion to show that he was- had a alternative set of pleadings, that he could successfully amend the complaint, have a viable claim. And he didn't do that here. So I think to the extent that he did- all he said was essentially, I should be allowed to proceed under the Constitution to allege essentially the same- I see that that is- I mean, he filed a specific proposed complaint. I mean, it's not just an abstract discussion, right? I don't think there was a proposed second amended. My recollection, Your Honor, is that there wasn't. Well, Doctrine 29 seems to have one attached to it. I'm sorry, Your Honor, I misspoke. But I don't think that this amended complaint would survive under Brown v. GSA. I'm happy to speak to Count 4 briefly since the court heard argument on that or any of the other issues, but otherwise I'm perfectly satisfied to rest on my feet. Thank you. Thank you, Your Honor. Counsel for Appellant. Thank you, Your Honor. We've talked about theories that would render Egan- nullify Egan. The theory that the district court does not have to explain its reasons for refusing a complaint if it's clear enough to the circuit that it would be futile renders Fulman- negates it. It's for- essentially what the government is saying is that the district court can literally punt the question of whether the amended complaint is dismissible just by not giving any reasons whatsoever. But we've said lots of times that we won't find an abuse of discretion, even where the district court doesn't give reasons, if we can discern the reasons from the record. And if we can look at the complaint and say that it's futile, then we can discern the reasons from the record. I don't think it's a good policy if that's what the court does. The district court's job is to- in any number of times- is to explain reasons for its decision so that the court of appeals can determine whether it's an abuse of discretion. It's just not a good policy to encourage this sort of action. On the count one, one of the things that the government points out is that these courts look at the facts and make a judgment. Oh, this was three and a half months. That's not- the guy wasn't hurt. That's not a violation of Title VII. All these cases that we knew about were a review of summary judgment. I would like permission to file a short reply brief after I look at the Baird case. Because otherwise we're stuck with something that we don't have a chance to talk about. Could you just state your theory as to why the proposed amendment complaint presents a good reason for finding a constitutional substitute outside of EGAN? I mean, this constitutional substitute, not any old constitutional substitute. Sure. The bedrock is the question of whether the amended complaint is justiciable. The Supreme Court and this court repeatedly say that national security questions are justiciable, regardless of the likelihood of the plaintiff getting everything he wants. EGAN did not say that this issue was non-justiciable. It's a pretty big thing to go from the MSPB doesn't have authority to decide this question to A, here is a constitutional claim which used to be justiciable and isn't anymore, and that the president, by executive order, can make all national security claims non-justiciable. I think that something has to be thought through. I don't think rejecting the amendment complaint would require going that far. It would require saying that there is nothing in this proposed complaint that provides an adequate ground for saying that EGAN is inapplicable to this constitutional claim. Well, again, as a matter of first impression, I don't think EGAN says that a district court cannot require the government to certify that the facts that EGAN relied on are the facts. For example, that the decision to suspend the clearance was made by someone who was the experts in classification or security clearances, rather than, as we allege, it was made as a favor to line management. That's what I think the district court... I'm sorry, does the proposed amendment complaint raise this question of certification? Yes and no. No, I don't think so. If I recall, and I'm sorry I didn't look at it before today, I think we just added... That's what I thought. All this stuff violates EGAN protection. But the... Well, of course it does, Your Honor. Yes, yes, finally, yes. Count 3 of the complaint alleges that the decision was made as a favor to management. It was not made by the people or in the process described by EGAN. And, again, it's a complaint, it's not a brief, and we are still governed by Svirkovich. We don't... Well, that said, at least I felt we were. And we have to state basic facts that put the defendant on notice and why we think it's a Title VII violation. But we don't have to do our summary judgment memo in the form of a complaint. But those issues are presented in a complaint. That is the factual allegations. Thank you. Thank you. We'll take the case under advice.
judges: Rogers, Wilkins, Williams